### The City of San Antonio v. Dan Sullivan et al.

### No. 26.

**Dedication of Streets.**—Abutting lot owners permitted the use of a strip of land as a sidewalk by the public along a street. There was no act of the city setting apart this land for street purposes, nor any dedication to such use by the owners. In such case the owners were entitled to injunction against the city interfering with their possession of said strip of land.

Appeal from Bexar. Tried below before Hon. W. W. King.

*Upson & Bergstrom*, for appellant.—If the owner of property, with a knowledge of the facts, permits the public for a long time to use his property for public purposes, it will be conclusively presumed he intended to dedicate the same to the use of the public. Elliott on Roads and Streets, 90–92; Cincinnati v. White, 6 Pet., 431; Morgan v. Railway, 96 U. S., 716.

*Chas. W. Ogden*, for appellees, cited: Gilder v. City of Brenham, 67 Texas, 350; Ranthun v. Halfman, 58 Texas, 553.

FLY, Associate Justice.—This suit was instituted by appellees, to enjoin the appellant from interfering with them in the construction of a certain fence on a strip of land on West Nueva Street. A preliminary writ of injunction was granted, and on final hearing was perpetuated.

The city admitted title to the strip of land in the plaintiffs, but claimed the same by prescription.

The only assignment of error is: "The court erred in rendering judgment for the plaintiffs, because it appears from the evidence that the property in controversy, as set out in defendant's answer, had been dedicated to, and used by the public as a part and portion of West Nueva Street for more than ten years before the institution of this suit, and therefore, as to the strip in controversy, judgment should have been rendered for the defendant, establishing its right to a right of way."

The contention is in regard to a narrow strip of land lying along the north of plaintiff's land, and south of West Nueva Street. It is admitted that the title is in plaintiffs. It was proved that eleven or twelve years before the institution of this suit the then owner of the property had, and for many years theretofore, maintained a cedar post picket fence along

the original line, but that at said time, to-wit, eleven or twelve years before the institution of this suit, the fence had been neglected and not kept in repair, and it gradually disappeared, until it was all gone except some of the cedar posts.    Portions were found on original line when present owners built their fence; posts were to surface only, and were in that condition about eleven or twelve years before the institution of this suit, with the exception of two or three posts which were still standing until five or six years ago; and at that time sheds, with a solid board back, were constructed on the line contended for by the city, leaving outside of the sheds the strip in controversy.    That such strip of land is a little higher than the remainder of the street, and the same has been used by the public as a sidewalk; and that about one year ago a plank walk about three feet wide had been constructed by the owner of the livery business, carrying on such business on the lot called "Hick's stable," immediately along and on the outside of said sheds, the strip in controversy and walk being for his use.    Said walk was paid for with his own money, and was built without any person's consent, but was used as a sidewalk for the public.    That the improvements on the lot called "Hick's stable" ran out to within a few feet of the original line of such lots.    That there was nothing to prevent the public using the strip in controversy as a part of Nueva Street, except that it is somewhat elevated over and above the remaining portion of said Nueva Street.    That when the street line was demanded by the present owners of the lot in controversy from the city engineer, he surveyed and gave them the original line of the lots, and immediately thereafter the present owners of said lot began building their fence on said line, which fence defendant's police prevented plaintiffs from building at the time this suit was filed and writ of injunction issued.

"The city never in any manner improved the strip in controversy, and did not improve any other property on that block along Nueva Street. The former owner of the property claimed that the lot ran to the line claimed by plaintiffs, and no dedication of the strip to the city was shown, except that the same was not used by the owner; that the public had used the strip to walk on since the old fence was taken away.    No claim or right of title to the strip was shown to have been made by the city until present owners began construction of the fence, except as aforesaid."

This testimony fails to show adverse use or possession of the land in question for a period of ten years.    This was a strip of land lying along the street, and there was no claim of any kind to it on the part of the city, and no right of control or management exercised in regard to it. In order to claim by prescription, if it could be done by that alone, a setting apart of the land by proper authority must be presumed; but in this case that can not be done, because it is affirmatively shown that there never was any authority setting apart this strip for street purposes.    The

testimony fails to show continuous use by the public for ten years, even if it could be held that such use would give right by prescription.

In considering the question of a dedication of the land, the question of the time the land has been used by the public does not necessarily become material; but in cases of implied dedication time may become important, in connection with other circumstances, to show an intention on the part of the owner of the soil to dedicate the way to the public. There is no express dedication shown by the owner in this case, and an implied dedication must be relied on by the city to show its right to the use of the land. An implied dedication is one arising, by operation of the law, from the acts of the owner. It is not founded on any written or oral evidence, but upon the doctrine of equitable estoppel. Elliott on Roads and Streets, 91.

The same author says: " If the owner throws open a way to the public, and so conducts himself as to induce a well founded and reasonable belief that he has a correct knowledge of all the facts, and that having the knowledge, he intends to dedicate the way to public use, he will be held to have made a dedication, in case it appears that others, influenced by his conduct, and acting in good faith and without negligence, have acquired rights in the belief that a dedication had been made, even though it should afterward turn out that the owner acted under a mistake.'' In order to render a dedication of a street complete, there must be an acceptance on the part of the public, and this carries with it the duty of repairing the street and becoming liable for any injuries arising from the unsafe or defective condition of the way. As before stated, the city exercised no visible control over the land in controversy, never in any manner working it; and the only evidence of an acceptance of a dedication, if any at all, is the use by the public of the strip of land.

In a similar case, the Supreme Court of Texas says: " The strip in controversy was never worked or repaired by the city, and was not delineated upon the city map made by its authority. There being no enclosure for a long time on one side of it, it was passed over by the public in part by roads or paths crossing it diagonally in different directions. There is no evidence of any use of the property that might not have been made if no dedication had ever been intended.'' And they hold that there was no acceptance although there had been a dedication, and the case was decided against the claims of the city. Gilder v. City of Brenham, 67 Texas, 346. It is held in the above case, that mere use for a long time should not as a general rule, in this State, be presumptive evidence of an acceptance on the part of the municipal authorities of a dedication of land for public uses.

The testimony fails to show any act or declaration on the part of the owners of the land evincing an intention to dedicate the land to street

purposes; and where the situation of the land is such as to indicate that it does not form a part of the highway, although it may be alongside of the way and be used by the public, no dedication can be presumed, without strong evidence of an intent on the part of the owner to devote the land to public use.   Elliott's Roads and Streets, 131.   There is no evidence that any person will have a single right impaired by closing the strip of land, or that it will interfere with the comfort or convenience of any one.

There is no error in the judgment of the court below, and it is affirmed.

*Affirmed.*

Delivered October 4, 1893.

Chief Justice JAMES did not sit in this case.