## W. C. MORGAN ET AL. v. W. H. OLIVER ET AL.

Decided April 2, 1910.

**1.—Citation in Error—Return Without Service—Diligence.**

When an officer in making his return upon a citatiton in error states as a fact within his knowledge that the defendant is not in his county, he is not required to set forth the diligence used to serve the writ, as in other cases where the writ is returned not served.

**2.—Same—Alias Citation—Failure to Endorse.**

The failure to endorse upon a citation in error that it is an alias citation is immaterial when that fact appears in the body of the citation.

**3.—Identity of Names.**

The mere fact that a defendant in error has the same name as counsel for plaintiff in error is not enough to warrant an appellate court in assuming that they are one and the same person.

**4.—Citation in Error—Service.**

When, in a writ of error proceeding, a county is a party defendant, the fact that the county judge of the county was one of the attorneys for the plaintiff in error would not deprive the plaintiff in error of his right to perfect his writ by service on the attorney as county judge.

**5.—Eminent Domain—Waiver of Damages—Evidence.**

The mere fact that the owner of the land was present when a jury of view laid out a road across his land, and, while objecting to the road going across the land instead of on one of the lines, never thereafter presented any claim for damages, is not sufficient to support a contention that the owner assented to the taking of his land and waived his claim for damages.

**6.—Claim Against County—Suit—Rejection by Commissioners' Court.**

A suit against a county for damages for opening a public road across plaintiff's land can not be maintained until the claim has first been presented to and rejected by the Commissioners' Court.

**7.—Sheriff—Liability of Bondsmen—Pleading.**

In a suit against a sheriff and his bondsmen the petition alleged that the sheriff, under color of his official position and in excess of his legal powers and jurisdiction, cut, removed and destroyed plaintiff's boundary fences, thereby allowing cattle to depredate upon the crops; and the sheriff by the exercise of his official power and position coerced, threatened and intimidated plaintiff from rebuilding the fences. Held, insufficient in charging such an official act on the part of the sheriff as would make his bondsmen liable.

**8.—Same.**

When a sheriff in opening a public road does no more than he is commanded by the Commissioners' Court to do, the writ or order of the

court will protect him and his bondsmen; on the other hand, when he proceeds without any warrant or writ whatsoever, his act is that of an individual, or at most done by color of office, and his sureties would not be liable.

Error from the District Court of Donley County. Tried below before Hon. J. N. Browning.

*D. B. Hill, J. H. O'Neal, F. B. Stanley* and *John R. Stanley,* for plaintiff in error.—That the selection and marking and adopting the route for the road across this section without compensation was not a taking for a public use nor dispossession of the owner: 15 Cyc., 658, 659, title "Eminent Domain;" Duluth Transfer Co. v. Northern Pac. Ry. Co., 51 Minn., 218; in re Volkmar, 124 Pa. St., 320.

That the private owner can not be divested of his property right of possession or title to land for public benefit without due notice and opportunity to defend: Morgan v. Oliver, 98 Texas, 218; Evans v. Santana Live Stock Co., 81 Texas, 622.

Nor without process of law, which includes notice and the right to be heard and to defend: Windsor v. McVeigh, 93 U. S., 274.

That notice must appear from the records of the proceedings and can not be proved by parol: Bowie County v. Powell, 66 S. W., 237; Voght v. Bexar County, 5 Texas Civ. App., 272.

Knowledge, acquiescence or invitation of the owner gives no more than a revocable license to the public use of his land, and divests him of no right and is not a dedication to a public use. Worthington v. Wade, 82 Texas, 26; Gulf, C. & S. F. Ry. Co. v. Montgomery, 85 Texas, 54; 15 Cyc., 804, 805.

Morgan, as purchaser without notice, takes free from the supposed public easement: Parker v. Ft. Worth & D. C. Ry. Co., 84 Texas, 338; Blake v. Boye, 88 Pac., 470.

Burden on party claiming easement not created by contract or express grant to establish every necessary fact. Texas Western Ry. Co. v. Wilson, 83 Texas, 153; Parker v. Ft. Worth & D. C. Ry. Co., 84 Texas, 333.

The owner in possession, when possession is actually taken for a public use, is entitled to compensation, although owned by a former owner when the right to take accrued: Fordyce v. Wolfe, 82 Texas, 239; Odell v. Gulf, C. & S. F. Ry. Co., 22 S. W., 826.

The wrongful or oppressive misuse, abuse or excess of his official powers to the injury of persons or property is a breach of official duty by sheriff, for which sureties are liable: Findley v. Mitchell, 50 Texas, 143; Clancy v. Kenworthy, 74 Iowa, 743; Turner v. Sisson, 137 Mass., 191.

That for injury to property his sureties are liable and can be sued after his death without alleging insolvency, or making his heirs or representatives parties: Boggs v. State, 46 Texas, 12; Poer v. Brown, 24 Texas, 34; Murray v. Evans, 25 Texas Civ. App., 331.

*A. M. John* and *Madden, Trulove & Kimbrough,* for defendants in error.

SPEER, ASSOCIATE JUSTICE.—This case has been once before appealed and will be found reported in 80 S. W., 111, and 98 Texas, 218, from which reports a more detailed statement of the case may be had. Since the first appeal Mrs. Callie Morgan, Sheriff Oliver and Judge White, who was county judge when the suit was instituted, have died, and the suit is now prosecuted by W. C. Morgan, surviving husband of Callie Morgan.

In a general way the action was to recover from Donley County a strip of land claimed by it as a public road and to recover from the county and the sureties on Sheriff Oliver's official bond damages for wrongfully cutting plaintiff's fences, thus opening his farm and exposing his crops to the depredation of cattle. On the last trial the court sustained Donley County's demurrers to plaintiff's claim for damages on the ground that the same had not been first presented to the Commissioners' Court for allowance. The court also sustained the general demurrer of the sureties on the sheriff's bond and dismissed them from the action. As to the strip of land involved the issue was submitted to a jury and a verdict rendered in favor of the county upon which judgment was entered which the plaintiff in error seeks to revise.

Some days ago we overruled defendants in error's motion to strike from the docket this cause based on the contention that service of the writ of error had not been shown. We now have before us defendants in error's motion for rehearing of this matter in which they insist that the decision in Vineyard v. McCombs, 100 Texas, 318, is decisive of the matter in their favor. First, complaint is made with reference to the service on defendants in error Lattimer, Jones and Rowe, who were cited by service on their attorneys, Messrs. Madden & Trulove, of Amarillo. The objection is that the return on the citations in error issued to these defendants in error does not show the diligence used by the officer to execute the same, as required by article 1396, Sayles' Texas Civil Statutes, and that the citation to their attorneys was therefore not authorized and, besides, did not itself show that it was an alias writ, as required by article 1397 of the statutes. The return of the sheriff on the Lattimer, Jones and Rowe citations in error was the same in each instance and was as follows: "Sheriff's Returns. Came to hand January 12, 1909; not executed for reason that G. A. Lattimer is not in Donley County, Texas. J. T. Patman, Sheriff, Donley County. Filed and returned January 15, 1909. Wade Willis, District Clerk, Donley County, Texas." It undoubtedly is the duty of an officer receiving a citation authorized by law, and who returns the same not served, to show the diligence used to execute the same. But where, as here, the officer states as a fact within his knowledge that the defendant is not in his county it would appear to be ridiculous to require him further to state what diligence was used by him to execute the same. He has shown a case where no diligence would result in service and that is all the law could possibly expect.

As to the citation in error served on the attorneys, Madden & Trulove, we think it was in compliance with the statute, although it was not endorsed "Alias Citation," since it did "indicate how many

previous citations" had been issued. Its command was: "You are therefore commanded, as you have one time before been, to summon the said H. V. Rowe, G. A. Lattimer and I. E. Jones," etc. It will be noticed that this is the only positive requirement with respect to the contents of the citation made by article 1397.

It is also insisted that the service on the county was insufficient because her county judge, J. H. O'Neal, upon whom the service was had, was one of the attorneys for plaintiff in error. We have no evidence of the fact that Judge J. H. O'Neal, county judge of Donley County, is the J. H. O'Neal of counsel for plaintiff in error. Besides, if this were true, we are not prepared to hold that plaintiff in error would be deprived entirely of his right to perfect his writ of error by service on the county judge, this being the only method recognized by law for obtaining service.

We think the facts stated by us distinguish this case from the case of Vineyard v. McCombs, and so believing, we overrule defendants in error's contention that the cause should be stricken from the docket for insufficient service. We also refuse permission to defendants in error to file their briefs tendered in this court only after the submission of the cause.

On the merits of the appeal we have concluded that no other judgment should have been rendered than one in favor of plaintiff in error for the strip of land in controversy. The opinion of the Supreme Court on the former appeal (98 Texas, 218), virtually settled the question in his favor, unless defendants in error have introduced evidence tending to show that the former owner of the land, one Lomas, assented to the taking and waived his claim for damages, upon which issue the case was submitted and decided on the last trial. This we think they have not done. The most that can be said of the evidence is that it shows Lomas was present when the jury of view laid out the road across his section and never thereafter presented any claim for damages. The evidence further shows, however, that Lomas did object to the road going across his section, but preferred that it should go along the line. There is nothing to raise the issue that he waived his right to compensation for the land taken. It follows from this that the judgment in favor of defendant in error Donley County for the land in controversy should be reversed and here rendered in plaintiff in error's favor. In other respects the judgment will be affirmed.

The decision of Norwood v. Gonzales County, 79 Texas, 218, seems decisive of the question that plaintiff in error's claim for damages as against Donley County should have been presented to the Commissioners' Court of that county for allowance in accordance with the provisions of article 790, Sayles' Texas Civil Statutes.

With respect to the contention that the court erred in sustaining the general demurrer of the sheriff's sureties, it is sufficient to say that plaintiff in error's petition did not make a case of liability against them for an excessive use or abuse of legal process, as was intimated by this court on the first appeal; but on the other hand alleges that the sheriff and other defendants, under color of their official positions and in excess of their legal powers and jurisdiction,

cut, removed and destroyed his boundary fences, etc. And the sheriff by the exercise of his official power and position coerced, threatened and intimidated plaintiff from rebuilding the same, thus falling short, we think, of charging such an official act as would make the sheriff's bondsmen liable. If the sheriff did no more than he was commanded by the Commissioners' Court to do, and the plain inference of the petition is that he did not, then the writ would be a protection to him and his bondsmen. Rice v. Miller, 70 Texas, 615; Blum v. Strong, 71 Texas, 321; Randall v. Rosenthal, 31 S. W., 822. If on the other hand the sheriff proceeded without any warrant of law or writ whatsoever, then clearly his act was that of an individual,. or at most only by color of office and the sureties would not be liable.

In accordance with the view here expressed the judgment of the District Court is reversed and here rendered for plaintiff in error for the land in controversy, but upon the issue of damages as to all of the defendants in error the judgment is affirmed.

<em>Affirmed in part and reversed and rendered in part.</em>

Writ of error refused.