TURNER et al. v. LIVE OAK COUNTY.

No. 10093.

Court of Civil Appeals of Texas. San Antonio.

June 30, 1937.

Rehearing Denied July 18, 1937.

Grover D. Edgar, of Beeville, for appellants.

Harry J. Schulz, of Three Rivers, and C. B. Beard, of George West, for appellee.

MURRAY, Justice.

Appellants, Eulilia Tullis Turner and her husband, A. J. Turner, and Della J. Toland and her husband, Joe Toland, instituted this suit against appellee, Live Oak County, seeking to recover damages alleged to have been sustained by them as a result of the county's taking a strip of land belonging to them, for road purposes. The trial was before the court without the intervention of a jury and resulted in a judgment that appellants take nothing, from which judgment this appeal is prosecuted.

The trial judge, at the request of appellants, made and filed the following findings of fact and conclusions of law:

### "Findings of Fact

"1. From March 5, 1917, to May 6, 1924, A. J. Turner owned the 660 acre tract of land described in plaintiffs' petition and situated in Live Oak County, Texas.

"2. On Feb. 14, 1921, on the application of twelve freeholders of Live Oak County, the Commissioners' Court of Live Oak County ordered and appointed a jury of view to view out a new road, a portion of which road would run across the land described in plaintiffs' petition. Said jury of view after laying out said road filed their report with the Commissioners' Court. On March 16, 1921, the Commissioners' Court of Live Oak County approved the report of the jury of view and ordered that said new road be established as a road of the third class, said road running across the land described in plaintiffs' petition and across the lands of adjoining landowners.

"3. In the year 1921, the county of Live Oak through its duly authorized agents and officers took possession of the new road thus established through the land described in plaintiffs' petition, worked, graded, and built culverts on said road and opened the road to the use of the public.

"4. Said road so established by the Commissioners' Court in 1921 has been constantly, continually and uninterruptedly worked, graded, and kept up by said county and its agents and officers from the first entry in 1921 up to and including the time of the filing of this suit in 1936, as a public road and said road from its establishment in 1921 up to the filing of this suit has been continually and constantly used and travelled by people of Live Oak County and adjoining counties as a public road under a claim of right and the people residing in Live Oak County and in the vicinity of said road have at all times recognized and looked upon said road as a public road owned by the county.

"5. Said road, which travels over the land described in plaintiffs' petition for the distance of about one mile, has been at all times and is now in the same identical position and location as it was when first established by the county in 1921.

"6. On May 6, 1924, A. J. Turner conveyed the land described in plaintiffs' petition to plaintiffs.

"7. Said deed to plaintiffs was recorded in the office of the county clerk of Live Oak County on May 14, 1926.

"8. No money compensation has ever been paid to plaintiffs or to plaintiffs' grantor, A. J. Turner.

"9. This suit was filed in the District Court of Live Oak County on May 2, 1936.

"10. There was no evidence introduced in the trial of this case that plaintiffs, at any time, had presented a written claim for damages caused by the opening and use of said road by Live Oak County, to the Commissioners' Court of Live Oak County and that said court neglected or refused to audit and allow the same, or any part thereof.

## "Conclusions of Law

"1. The uninterrupted possession, use and exercise of dominion by the grading and working of the road by the defendant county for a period longer than ten years, and the use by the public in general and the defendant county of said road during that period of time under a claim of right as a public road, and adverse to the owners of said land, were sufficient for the defendant county to acquire a prescriptive right to said roadway, and therefore plaintiffs and their cause of action for damages are barred by prescription.

"2. As plaintiffs' cause of action for damages accrued more than two years prior to the filing of this suit, their cause of action for damages against the defendant county is now barred by the statute of limitations.

"3. As there was no evidence offered in the trial of this cause that plaintiffs had, at any time, presented a written claim for damages caused by the opening and use of said road by Live Oak County, to the Commissioners' Court of Live Oak County and that said court neglected or refused to audit and allow the same, or any part thereof, the plaintiffs, by their failure to prove a material allegation of their cause of action, have failed to establish their cause of action and on that ground the plaintiffs should recover nothing by their suit."

Appellants contend by various propositions that the above findings of fact are not supported by the evidence and that the conclusions of law are incorrect.

We are of the opinion that the findings of fact are supported by the evidence and that the conclusions of law are correct.

■ The trial court's first conclusion of law is supported by the following authorities: Alexander v. Schleicher County (Tex. Civ.App.) 291 S.W. 263, affirmed by Commission of Appeals, 3 S.W.(2d) 75; Phillips v. T. & P. Ry. Co. (Tex.Com.App.) 296 S.W. 877; Boone v. Stephenville (Tex.Civ.App.) 37 S.W.(2d) 842; Porter v. Johnson (Tex. Civ.App.) 151 S.W. 599, 601; Click v. Lamar County, 79 Tex. 121, 14 S.W. 1048.

■ The second conclusion of law is supported by the following authorities and statutes: Article 5526; Revised Civil Statutes 1925; Franklin County v. Brooks, 68 Tex. 679, 5 S.W. 819; Cunningham v. San Saba County, 1 Tex.Civ.App. 480, 20 S.W. 941, on subsequent appeal, Id., 11 Tex.Civ. App. 557, 32 S.W. 928, 33 S.W. 892.

■ The third conclusion of law is supported by the following statutes and authorities: Article 1573, Revised Civil Statutes 1925; 21 Tex.Jur. 611, "Highways"; Norwood v. Gonzales County, 79 Tex. 218, 14 S.W. 1057; Willacy County v. Kudor (Tex. Civ.App.) 43 S.W.(2d) 974; McLennan County v. Miller (Tex.Civ.App.) 257 S.W. 680; Morgan v. Oliver, 60 Tex.Civ.App. 210, 129 S.W. 156; Id., 98 Tex. 218, 82 S.W. 1028, 4 Ann.Cas. 900; Bell County v. Flint (Tex. Civ.App.) 91 S.W. 329; Bogue v. Van Zandt County (Tex.Civ.App.) 138 S.W. 1065; Stevens v. Jim Wells County (Tex.Civ. App.) 32 S.W.(2d) 889; Glenn v. Dallas County, etc., Levee Dist., 114 Tex. 325, 268 S.W. 452.

■ Appellants also contend that the trial court erred in admitting evidence showing the acts of the commissioners' court and the jury of view in establishing the road in question, and the testimony showing the working of that road by the officers and agents of the county. We overrule this contention. Such evidence was admissible to show the adverse possession by the county under a claim of right as well as the official recognition and adoption of the road. Perry v. Jaggers (Tex.Civ.App.) 9 S.W. (2d) 143; Evans v. Scott, 37 Tex.Civ.App. 373, 83 S.W. 874; City of San Antonio v. Sullivan, 4 Tex.Civ.App. 451, 23 S.W. 307; Nave v. City of Clarendon (Tex.Civ.App.) 216 S.W. 1110; City of Fort Worth v. Cetti, 38 Tex.Civ.App. 117, 85 S.W. 826.

Accordingly, the judgment of the trial court will be in all things affirmed.