TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00862-CV






Travis County, Texas, Appellant



v.



Pelzel & Associates, Inc., Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT


NO. 95-12465, HONORABLE ERNEST C. GARCIA, JUDGE PRESIDING






 Appellant Travis County contracted with appellee Pelzel & Associates, Inc. (Pelzel)
to construct the Precinct One Office Building. Travis County refused to tender full payment
complaining that the completion was twenty-one days overdue. Pelzel sued Travis County for
payment due under the contract, interest, and damages. After a hearing to determine whether
Travis County was entitled to sovereign immunity, the judge denied the county's plea to the
jurisdiction. We will affirm the trial court's ruling, holding first, that Travis County waived its
immunity by its conduct, and second that independent of the county's conduct, Pelzel's compliance
with section 89.004 conferred the right to bring this suit. See Tex. Loc. Gov't Code Ann.
§ 89.004 (West Supp. 2000).(1)

FACTUAL AND PROCEDURAL BACKGROUND

 On March 22, 1994, Travis County entered into a contract with Pelzel for
construction of the Precinct One Office Building. Pelzel substantially completed the building on
December 29, 1994. Travis County accepted the building and has occupied the property since that
date. The county tendered payment of $414,164.80 minus $5,500 in alleged liquidated damages
on grounds that Pelzel did not timely complete the building. According to the liquidated damages
clause in the contract, the county was entitled to retain $250 for each calendar day that Pelzel
failed to substantially complete the building beyond the date set for completion and acceptance. 
The substantial completion date was originally set for October 21, but the parties agreed to extend
the deadline because of delays resulting from labor shortages in the Austin and San Antonio areas. 
The parties now dispute the extended deadline for substantial completion. A construction change
directive signed by the county's representative and the architect, but not by Pelzel, established the
substantial completion date as December 8, 1994. Pelzel, however, said it never agreed to or
acknowledged this directive.

 Pelzel submitted a claim to the Travis County Commissioners Court on March 7,
1995, seeking payment due under the contract, plus interest and $130,508.56 in hindrance and
delay damages. When the county refused to pay the claim, Pelzel filed this suit on October 3,
1995. Travis County filed a plea to the jurisdiction asserting sovereign immunity. The district
court denied that plea, and Travis County brings an interlocutory appeal from that ruling. See
Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (West Supp. 2000).

DISCUSSION

 Travis County asserts that the district court erred in denying its plea to the
jurisdiction. A county is a governmental unit protected by the doctrine of sovereign immunity. 
Tex. Civ. Prac. & Rem. Code Ann. § 101.001(3)(B) (West Supp. 2000); San Antonio Indep. Sch.
Dist. v. McKinney, 936 S.W.2d 279, 283 (Tex. 1996). Sovereign immunity includes two
principles that protect the State and other governmental entities from being sued for damages: 
immunity from liability and immunity from suit. Federal Sign v. Texas S. Univ., 951 S.W.2d
401, 405 (Tex. 1997). Immunity from liability, which protects the State from judgment, does not
affect a court's jurisdiction to hear a case. Davis v. City of San Antonio, 752 S.W.2d 518, 520
(Tex. 1988). However, immunity from suit deprives a court of subject matter jurisdiction and is
properly asserted by a plea to the jurisdiction. Texas Dep't of Transp. v. Jones, 8 S.W.3d 636,
637 (Tex. 1999). Pelzel argues that Travis County waived its immunity from suit by accepting
the benefits of full performance, and alternatively, that section 89.004 of the Texas Local
Government Code authorizes suit when a claim is presented to and rejected by the commissioners
court. See Tex. Loc. Gov't Code Ann. § 89.004. The trial court did not specify on which ground
it found jurisdiction; therefore, we may affirm the order if either ground is legally proper. See
Tenneco Inc. v. Enterprise Prods. Co., 925 S.W.2d 640, 642-43 (Tex. 1996).

 Because the determination of subject matter jurisdiction is a question of law, we
review the trial court's decision under a de novo standard of review. See Rylander v. Caldwell,
23 S.W.3d 132, 135 (Tex. App.--Austin 2000, no pet.). We do not look at the merits of the case
to determine the district court's jurisdiction. See id. Rather, we accept as true the factual
allegations made by the plaintiff, unless the defendant pleads and proves that the allegations were
fraudulently made to confer jurisdiction. See id. Travis County does not assert that any of
Pelzel's claims are fraudulent.

 A plea to the jurisdiction contests the district court's authority to determine the
subject matter of the cause of action. Amador v. San Antonio State Hosp., 993 S.W.2d 253, 254
(Tex. App.--San Antonio 1999, pet. denied). The plaintiff bears the burden of alleging facts
affirmatively showing that the district court has subject matter jurisdiction. Texas Ass'n of Bus.
v. Texas Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993). Unless the face of the petition
affirmatively demonstrates a lack of jurisdiction, the district court must liberally construe the
allegations in favor of jurisdiction. Peek v. Equipment Serv. Co., 779 S.W.2d 802, 804 (Tex.
1989).


I. Waiver by Conduct

 To determine whether Travis County waived immunity by its conduct, we first
address the effect of Federal Sign on immunity from suit when a state entity contracts with a
private citizen. See Federal Sign, 951 S.W.2d at 403. In Federal Sign, Texas Southern
University (TSU) signed a contract with Federal Sign to build basketball scoreboards. Following
TSU's instructions, Federal Sign began building the scoreboards. However, before delivery TSU
informed Federal Sign that it would seek a new source for its scoreboards. Federal Sign sued TSU
for breach of contract. TSU filed a plea to the jurisdiction asserting that sovereign immunity
barred Federal Sign's claims. Federal Sign countered that TSU waived its immunity when it
entered a contract with a private citizen. In considering this narrow issue, the supreme court held:
"The act of contracting does not waive the State's immunity from suit." Id. at 408. The court,
however, limited its holding to the facts of that case, explaining: "There may be other
circumstances where the State may waive its immunity by conduct other than simply executing a
contract so that it is not always immune from suit when it contracts." Id. at 408 n.1.

 Although the supreme court left unresolved what conduct beyond mere execution
of a contract may constitute waiver, this Court has identified certain circumstances where the
governmental entity's conduct has waived its immunity. See Texas Natural Resource Conservation
Comm'n v. IT-Davy, 998 S.W.2d 898, 902 (Tex. App.--Austin 1999, pet. filed); Aer-Aerotron,
Inc. v. Texas Dep't of Transp., 997 S.W.2d 687, 691-92 (Tex. App.--Austin 1999, pet. granted);
Little-Tex Insulation Co. v. General Servs. Comm'n, 997 S.W.2d 358, 364-65 (Tex. App.--Austin
1999, pet. granted). In IT-Davy, the Texas Natural Resource Conservation Commission expressly
requested additional work after IT-Davy had fully performed the contract. IT-Davy, 998 S.W.2d
at 902. The Commission accepted this work but failed to pay for these services. We held that by
this conduct, the Commission waived its immunity. Id. In Aer-Aerotron, the Department of
Transportation had approved sample radios, modified the contract to ask for additional radios, 
extended the term of the contract, accepted technical services, and twice acknowledged its
contractual obligation and promised to pay, but ultimately refused to pay. Aer-Aerotron, 997
S.W.2d at 691-92. We held that the Department waived its immunity by this conduct. Id. In
Little-Tex, by accepting the benefits of the contractor's performance under the contract while
refusing to pay, the State waived immunity from suit. Little-Tex, 997 S.W.2d at 364-65.

 Travis County argues that Pelzel's pleadings failed to allege "outrageous" conduct
that would give rise to waiver under these cases. We disagree. Pelzel's allegations of Travis
County's acceptance, continuous use, possession, and refusal to pay are sufficient to bring this
dispute within the holdings of IT-Davy, Little-Tex, and Aer-Aerotron. "[R]eceipt and acceptance
by the State of a benefit from a contracting party is wholly inconsistent with the State's using its
immunity from suit to shield itself from a legal obligation to pay for the value of the benefit." 
Little-Tex, 997 S.W.2d at 364. Allegations that the contractor fully performed and the county
accepted the benefits of that performance without full payment are sufficient to defeat a plea to the
jurisdiction based on sovereign immunity.

 Travis County next contends that Tsumi, Inc. v. Texas Parks & Wildlife
Department, 23 S.W.3d 58 (Tex. App.--Austin 2000, pet. filed), requires Pelzel to plead
timeliness under the contract. Although the pleadings are brief, the alleged facts provide enough
detail to distinguish this case from Tsumi. Timeliness was not the issue before this Court in
Tsumi. In that case, the parties agreed that a four-year oral contract had been fully performed and
paid. The plaintiff, Tsumi, contended that it subsequently entered into another oral contract with
defendant. However, Tsumi failed to plead facts establishing a time period for the alleged oral
contract, forcing this Court to look to the conduct of the parties. This Court found the petition
"entirely silent" as to the terms of the contract and any conduct by the parties giving rise to a
contract. Id. at 64. Further, the pleadings lacked allegations that goods and services were
delivered and accepted and that the defendant refused to pay as agreed. Here, no one disputes the
existence of the contract, acceptance of benefits by the county, or the county's refusal to pay a
portion of the contract price.

 Pelzel's pleadings allege conduct sufficient to meet the circumstances held to
constitute a waiver of immunity under IT-Davy, Little-Tex, and Aer-Aerotron. Therefore, we
overrule Travis County's point of error that it did not waive immunity by its conduct. Although
this ground is sufficient for us to affirm the denial of the plea to the jurisdiction, because this
Court's decisions considering waiver by conduct are pending review in the supreme court,(2) in the
interest of judicial economy we will consider the other basis for jurisdiction urged to the trial
court.


II. Jurisdiction Conferred by the Presentment Statute

 Alternatively, Pelzel asserts it has a right to bring this suit because it first presented
its claim to the commissioners court, which refused to pay the claim. The presentment statute
reads, "A person may not sue on a claim against a county unless the person has presented the
claim to the commissioners court and the commissioners court has neglected or refused to pay all
or part of the claim." Tex. Loc. Gov't Code Ann. § 89.004(a). Travis County disputes that
compliance with this statute confers a right to sue the county. Instead, it characterizes presentment
as a condition precedent to bringing suit when there is another basis for jurisdiction to sue a
county.

 The Legislature can waive sovereign immunity in specific circumstances enabling
individuals to bring suit. For example, the Whistleblower Act permits suit against state or local
entities that take adverse action against employees who report violations of the law. See Tex.
Gov't Code §§ 554.002, .003 (West Supp. 2000). At issue here is whether by enacting the
presentment statute, the Legislature granted claimants the right to sue counties after they first
present their claims to the commissioners court and those claims are refused.

 Section 89.004 requires presentment of a claim to the commissioners court even
when immunity has been waived by another statute. See Tex. Loc. Gov't Code Ann. § 89.004. 
In this circumstance, failure to comply with the presentment statute is not jurisdictional and may
not be raised in a plea to the jurisdiction. See Frasier v. Yanes, 9 S.W.3d 422, 428 (Tex.
App.--Austin 1999, no pet.); County of Bexar v. Garcia, 974 S.W.2d 107 (Tex. App.--San
Antonio 1998, no pet.).

 We are presented with a different question--whether compliance with the
presentment statute, absent any other waiver of immunity, confers a right to sue a county. Only
one Texas court has addressed this issue. In Jensen Construction Co. v. Dallas County, 920
S.W.2d 761, 770 (Tex. App.--Dallas 1996, writ denied), the Dallas Court of Appeals held that
compliance with the presentment statute authorizes suit after the commissioners court rejects the
plaintiff's claims. In that case, Jensen contracted with Dallas County to construct paving and
drainage improvements to a street. During construction, the county performed strength tests on
the concrete and ordered Jensen to stop work. The county then retested the concrete and allowed
Jensen to proceed. The county paid the price set forth in the original contract but refused to pay
for additional upgrades. Jensen filed a claim with the commissioners court for damages resulting
from the county's alleged breach in requiring extra materials and work outside the scope of the
original contract, as well as additional costs for the county's interference with performance. The
trial court granted summary judgment in favor of Dallas County holding that Jensen's claims were
barred by sovereign immunity. The court of appeals reversed, holding that "[s]ection [89.004]
authorizes appellants, after rejection of its claims by the commissioners court, to sue the County
to recover its claims." Id.

 Travis County relies on Garcia, by the San Antonio Court of Appeals, to argue that
section 89.004 does not waive immunity.(3) See Garcia, 974 S.W.2d 107. In Garcia, Bexar
County sought judicial review of a Texas Workers' Compensation Commission decision awarding
compensation to Maria Lucy Garcia. Garcia counterclaimed, alleging that Bexar County had
violated the Anti-Retaliation Act by terminating her employment because she had filed a workers'
compensation claim. Bexar County filed both a plea to the jurisdiction and a motion to dismiss,
alleging that Garcia had not presented her counterclaim to the commissioners court as required by
section 89.004.

 The question presented in Garcia was whether the trial court had jurisdiction to
hear a counterclaim that was not first presented to the commissioners court. The appellate court
affirmed the trial court's ruling that Garcia's failure to comply with section 89.004 did not deprive
the court of jurisdiction. The court never addressed the issue we face: whether compliance with
the presentment statute confers on the plaintiff a right to sue the county in the absence of some
other waiver of immunity. The Anti-Retaliation Act specifically waives immunity for claims such
as Garcia's. See Tex. Lab. Code Ann. § 504.002 (West Supp. 2000). We agree with the
concurring opinion that the majority's statement that section 89.004 is not a waiver of immunity
was meaningless because the county's immunity had already been waived by the Anti-Retaliation
Act. See Garcia, 974 S.W.2d at 111 (Hardberger, C.J., concurring). Because the decision in
Garcia concerned the proper remedy for failure to present a claim to the commissioners court, the
court's discussion of immunity was unnecessary dicta that does not support the county's position
in this dispute.

 The Garcia concurrence explains the logical problem with the majority's approach:
if section 89.004 does not waive immunity, then "a county could not be sued even after
presentment if the claimant could not prove waiver of immunity through another source." Id. at
111. Historically, this section "has not been so narrowly construed but has been held to authorize
a claimant to sue the county after rejection of her claim by the commissioners court." Id.

 The county's contention that the claimant's compliance with this section does not
waive the county's immunity contravenes 154 years of Texas jurisprudence. The presentment
statute dates back to 1846. See P.D. art. 1045. The language of the statute at its original
enactment makes clear the presentment statute's purpose:


 All suits brought by or against any of the counties of this state, shall be brought in
the name of or against the county of [naming the county], and by that name they
may sue and be sued, plead and be impleaded, defend and be defended, in any
court of record or other place where justice may be administered: Provided,
however, that no county shall be sued, unless the claim upon which suit is founded
shall have first been presented to the county court for allowance, and such court
shall have neglected or refused to audit and allow the same.

.

Id. (emphasis added). Initially, then, anyone could sue a county as long as the claim was first
submitted to the county court for consideration. The statute remained unchanged for thirty-three
years. In 1879, most of the language was dropped, and the remaining text rewritten to resemble
the current statute: "No county shall be sued unless the claim upon which such suit is founded shall
have first been presented to the county commissioners' court for allowance, and such court shall
have neglected or refused to audit and allow the same or any part thereof." Revised Statutes, 16th
Leg., R.S., ch. 3, art. 677, 1879 Tex. Rev. Civ. Stat. 112, 112 (repealed 1895 and renumbered
at art. 790). That language remained unchanged until 1987 when the Legislature slightly modified
the language to its present form. See Act of April 30, 1987, 70th Leg., R.S., ch. 149, sec.
81.041, 1987 Tex. Gen. Laws 707, 793 (renumbered at § 89.004).

 Even when the "sue and be sued" language was dropped in 1879, the supreme court
continued to read the statute as authorizing suit against a county when a claim was first presented
to the county commissioners court and refused. See Nolan County v. Simpson, 11 S.W. 1098,
1099 (Tex. 1889) (explaining that Simpson could have brought suit against Nolan County under
circumstances authorized by presentment statute). The supreme court again discussed this statute
at the turn of the last century: "A county may be sued for a money demand, but the claim must
first be presented to the commissioners' court for allowance, and its allowance must be refused." 
City of Sherman v. Shobe, 58 S.W. 949, 950 (Tex. 1900) (emphasis added) (holding that
garnishing county was not suit against county within presentment statute). Again in 1906, the
supreme court said that after the commissioners court refused to act on a claim, the plaintiff "had
the right to sue the county . . . to establish his claim against it." Anderson v. Ashe, 90 S.W. 872,
874 (Tex. 1906). More than twenty-five years after the "sue and be sued" language had dropped
out of the statute, the supreme court continued to find that proper presentment, which was refused,
gave a claimant the right to sue the county: "This construction preserves the rights of persons
having claims against such counties and enforces the legislative intent." Id.; see also Greer v.
Hunt County, 249 S.W. 831, 835 (Tex. 1923) ("disallowance of the claim by [the commissioners]
court clearly gives the right to bring suit").

 The concurring opinion today complains that the presentment statute does not
clearly waive a county's immunity. Historically, the myriad Texas cases finding that compliance
with the presentment statute authorizes suit against the county have not used the term "waiver." 
Jensen is the first decision to adopt the term waiver of immunity in that regard. However, Texas
courts have continuously found that compliance with the statute confers jurisdiction on the trial
court to hear a claim properly presented and rejected. See Farmers State Bank v. Bowie County,
95 S.W.2d 1304, 1306 (Tex. 1936); Harris County v. Hermann Hosp., 943 S.W.2d 547, 550
(Tex. App.--Eastland 1997, no writ); Messer v. County of Refugio, 435 S.W.2d 220, 227 (Tex.
Civ. App.--Corpus Christi 1968, writ ref'd n.r.e.); Turner v. Live Oak County, 107 S.W.2d 1103,
1105 (Tex. Civ. App.--San Antonio 1937, writ dism'd); Willacy County v. Kudor, 43 S.W.2d
974, 974 (Tex. Civ. App.--San Antonio 1931, writ ref'd); Stevens v. Jim Wells County, 32
S.W.2d 889, 890 (Tex Civ. App.--San Antonio 1930, no writ). As early as 1906, the supreme
court held that our construction today of the presentment statute preserves the rights of claimants
against a county and "enforces the legislative intent." Anderson, 90 S.W. at 874. In 1970, the
supreme court again recognized that "suits against counties have been held to be authorized by
statutes that simply require the filing of a claim before institution of suit." Missouri Pac. R.R. Co.
v. Brownsville Navigation Dist., 453 S.W.2d 812, 813 (Tex. 1970) (finding waiver in another
statute).

 In light of this statute's long history, we are confident that section 89.004 confers
jurisdiction on the trial court to hear a claim against the county properly presented to and rejected
by the commissioners court. We overrule Travis County's assertion that compliance with the
presentment statute does not authorize a claimant to sue the county. We uphold the trial court's
denial of the plea on this alternative ground as well.


CONCLUSION

 Travis County waived its immunity from suit by accepting the benefits of Pelzel's
performance under the contract and refusing to pay part of its contractual obligation. Further,
section 89.004 conferred on Pelzel a right to sue the county after it presented its claim to the
commissioners court and that claim was rejected. We affirm the district court's denial of the plea
to the jurisdiction on both grounds.



 

 Bea Ann Smith, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Patterson

Affirmed

Filed: October 19, 2000

Publish


1. When suit was brought, the presentment statute was found at section 81.041, which has
since been renumbered as 89.004. See Tex. Loc. Gov't Code Ann. § 81.041 (West 1999)
(renumbered by Act of April 23, 1999, 76th Leg., R.S., ch. 62, art. 13, § 13.03(b), 1999 Tex.
Gen. Laws 127, 340 and codified at Tex. Loc. Gov't Code Ann. § 89.004 (West Supp. 2000)).
For ease of discussion, we will refer to this section as either 89.004 or "the presentment statute,"
as it is commonly called, unless otherwise appropriate.
2. The cases pending before the supreme court are Aer-Aerotron, Inc. v. Texas Dep't of Transp.,
997 S.W.2d 687 (Tex. App.--Austin 1999, pet. granted); Little-Tex Insulation Co. v. General Servs.
Comm'n, 997 S.W.2d 358 (Tex. App.--Austin 1999, pet. granted); and Dalmac Constr. Co. v.
Texas A&M Univ., No. 3-98-531-CV (Tex. App.--Austin July 29, 1999, pet. granted) (not
designated for publication).
3. Travis County also argues that a supreme court decision holding section 89.004 is not a
jurisdictional statute means that section does not waive immunity. See Essenburg v. Dallas
County, 988 S.W.2d 188, 189 (Tex. 1998). Essenburg addressed whether failure to present a
claim to the commissioners court could be raised for the first time on appeal. Id. at 188. The
court held that the section's presentment requirement was not jurisdictional and could not be raised
for the first time on appeal. Id. at 189. Essenburg did not involve waiving immunity and is not
relevant to the issues raised in this appeal.


ts of persons
having claims against such counties and enforces the legislative intent." Id.; see also Greer v.
Hunt County, 249 S.W. 831, 835 (Tex. 1923) ("disallowance of the claim by [the commissioners]
court clearly gives the right to bring suit").

 The concurring opinion today complains that the presentment statute does not
clearly waive a county's immunity. Historically, the myriad Texas cases finding that compliance
with the presentment statute authorizes suit against the county have not used the term "waiver." 
Jensen is the first decision to adopt the term waiver of immunity in that regard. However, Texas
courts have continuously found that compliance with the statute confers jurisdiction on the trial
court to hear a claim properly presented and rejected. See Farmers State Bank v. Bowie County,
95 S.W.2d 1304, 1306 (Tex. 1936); Harris County v. Hermann Hosp., 943 S.W.2d 547, 550
(Tex. App.--Eastland 1997, no writ); Messer v. County of Refugio, 435 S.W.2d 220, 227 (Tex.
Civ. App.--Corpus Christi 1968, writ ref'd n.r.e.); Turner v. Live Oak County, 107 S.W.2d 1103,
1105 (Tex. Civ. App.--San Antonio 1937, writ dism'd); Willacy County v. Kudor, 43 S.W.2d
974, 974 (Tex. Civ. App.--San Antonio 1931, writ ref'd); Stevens v. Jim Wells County, 32
S.W.2d 889, 890 (Tex Civ. App.--San Antonio 1930, no writ). As early as 1906, the supreme
court held that our construction today of the presentment statute preserves the rights of claimants
against a county and "enforces the legislative intent." Anderson, 90 S.W. at 874. In 1970, the
supreme court again recognized that "suits against counties have been held to be authorized by
statutes that simply require the filing of a claim before institution of suit." Missouri Pac. R.R. Co.
v. Brownsville Navigation Dist., 453 S.W.2d 812, 813 (Tex. 1970) (finding waiver in another
statute).

 In light of this statute's long history, we are confident that section 89.004 confers
jurisdiction on the trial court to hear a claim against the county properly presented to and rejected
by the commissioners court. We overrule Travis County's assertion that compliance with the
presentment statute does not authorize a claimant to sue the county. We uphold the trial court's
denial of the plea on this alternative ground as well.


CONCLUSION

 Travis County waived its immunity from suit by accepting the benefits of Pelzel's
performance under the contract and refusing to pay part of its contractual obligation. Further,
section 89.004 conferred on Pelzel a right to sue the county after it presented its claim to the
commissioners court and that claim was rejected. We affirm the district court's denial of the plea
to the jurisdiction on both grounds.



 

 Bea Ann Smith, Justice

Before Chief Justice Aboussie, Justices B.