**Ruth THORNTON, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 11–89–099–CR.**

Court of Appeals of Texas,
Eastland.

Sept. 14, 1989.

**150**

Nathan O. Newman, II, Abilene, for appellant.

James Eidson, Crim. Dist. Atty., Abilene, for appellee.

## OPINION

McCLOUD, Chief Justice.

The jury found appellant, Ruth Thornton, guilty of assault and assessed her punishment at a fine of $100.

Appellant was initially charged with the offense in the Municipal Court of the City of Abilene. After being found guilty of the offense in the Municipal Court, appellant appealed the conviction to the County Court at Law No. 2 of Taylor County.

In a single point of error, appellant contends that the judge of the County Court at Law No. 2 committed "fundamental error" by permitting an assistant city attorney for the City of Abilene to prosecute the appellant. The appellant raised her complaint for the first time on appeal.

TEX.CONST. art. V, sec. 21 provides:

*A County Attorney, for counties in which there is not a resident Criminal District Attorney,* shall be elected by the qualified voters of each county, who shall be commissioned by the Governor, and hold his office for the term of four years. In case of vacancy the Commissioners Court of the county shall have the power to appoint a County Attorney until the next general election. *The County Attorneys shall represent the State in all cases in the District and inferior courts in their respective counties;* but if any county shall be included in a district in which there shall be a District Attorney, the respective duties of District Attorneys and County Attorneys shall in such counties be regulated by the Legislature. The Legislature may provide for the election of District Attorneys in such districts, as may be deemed necessary, and make provision for the compensation of District Attorneys and County Attorneys. District Attorneys shall hold office for a term of four years, and until their successors have qualified. (Emphasis added)

TEX.GOV'T CODE ANN. sec. 44.321(a) (Vernon 1988) provides:

The criminal district attorney of Taylor County shall perform all the duties in Taylor County required of district attorneys by general law and shall perform the duties of county attorney in Taylor County.

TEX.CODE CRIM.PRO.ANN. art. 45.03 (Vernon Supp.1989) provides:

All prosecutions in a municipal court shall be conducted by the city attorney of such city, town or village, or by his deputy. The county attorney of the county in which said city, town or village is situated may, if he so desires, also represent the State in such prosecutions. In such cases, the said county attorney shall not be entitled to receive any fees or other compensation whatever for said services. The county attorney shall have no power to dismiss any prosecution pending in said court unless for reasons filed and approved by the judge. *With the consent of the county attorney, appeals from municipal court to a county court, county court at law, or any appellate court may be prosecuted by the city attorney or his deputy.* (Emphasis added)

Appellant argues that the emphasized language in Article 45.03 violates that part of TEX.CONST. art. V, sec. 21 which states that the "County Attorneys shall represent the State in all cases in the Dis-

trict and inferior courts in their respective counties." Taylor County has a "Criminal District Attorney."[1] Therefore, there is no constitutional "County Attorney" in Taylor County. *Neal v. Sheppard,* 209 S.W.2d 388 (Tex.Civ.App.–Texarkana 1948, writ ref'd). The language urged by appellant is not applicable.[2] We overrule appellant's constitutional challenge. We hold that a criminal district attorney (while performing the duties of county attorney) may consent, pursuant to Article 45.03, to the city attorney or his deputy prosecuting an appeal from a municipal court to a county court at law.

The judgment of the trial court is affirmed.

---

1. See TEX.GOV'T CODE ANN. sec. 44.001 (Vernon 1988).

2. TEX.CONST. art. V, sec. 21 also provides that if a county is included in a district which has a "District Attorney," the respective duties of the district attorney and county attorney shall be

regulated by the Legislature. The State argues that this provision authorized the Legislature to enact Article 45.03. We conclude that this provision does not apply to a county that has a criminal district attorney.