HARRIS COUNTY, Texas, Appellant,

v.

HERMANN HOSPITAL, Appellee.

No. 11–95–074–CV.

Court of Appeals of Texas,
Eastland.

April 17, 1997.

Lana S. Shadwick, Assistant County Attorney, Mike Driscoll, Harris County Attorney, Sandra D. Hachem, County Attorney's Office, Houston, for appellant.

James G. Gumbert, Sullins, Johnston, Rohrbach & Magers, Houston, for appellee.

Before ARNOT, C.J., and DICKENSON and WRIGHT, JJ.

DICKENSON, Justice.

The issue in this case is the statutory construction of TEX. CODE CRIM. PRO. ANN. art. 104.002 (Vernon Supp.1997). Hermann Hospital sued Harris County, Texas, under this statute for medical expenses incurred by a prisoner who was being guarded by Harris County. The trial court entered summary judgment for Hermann Hospital in the amount of $745,863.56. We affirm.

*Points of Error and Standard of Review*

On appeal, Harris County argues in two points of error that the trial court erred in granting Hermann Hospital's motion for summary judgment and in denying the County's motion for summary judgment. Harris County urges that the trial court erroneously construed Article 104.002; that there are genuine issues of material fact concerning the prisoner's residency, his indigence, and the Hospital's compliance with the notification provisions of TEX. HEALTH & SAFETY CODE ANN. § 61.032 (Vernon 1992); that it is unconstitutional to place such a burden on the County; that the County did not have a contract with the Hospital; that the Hospital may not pursue a third-party suit against the County; that Hermann Hospital's status as a nonprofit hospital obligates it to treat emergency patients; and that a statutory cap of $30,000 applies. Harris County does not dispute the amount of the medical bills; there is no dispute about the necessity for the medical services or whether the amounts charged were reasonable. In order to determine if the trial court erred in granting the motion for summary judgment, we must consider the summary judgment evidence in the light most favorable to the non-movant indulging all reasonable inferences in favor of the non-movant to determine whether the movant proved that there was no genuine issue of material fact and that it was entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Company, Inc.*, 690 S.W.2d 546 (Tex.1985); *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979).

*Summary Judgment Evidence*

The summary judgment evidence shows that, while fleeing from the scene of an armed robbery, Steven Lee Dodsworth suffered multiple gunshot wounds in a shootout with a Morgan's Point police officer on October 10, 1992. Hermann Hospital's Life

Flight was summoned, and Dodsworth was treated in Hermann Hospital from October 10 to December 14, 1992. Dodsworth was transferred to Lyndon B. Johnson Hospital where he died on April 5, 1993. The summary judgment evidence also included admissions made by Harris County that, from October 10 until after December 14, Dodsworth was a prisoner in the custody of and kept under guard by the Harris County Sheriff's Department.

### Article 104.002

■ Article 104.002 provides in relevant part:

(a) Except as otherwise provided by this article, a county is liable for all expenses incurred in the safekeeping of prisoners confined in the county jail or kept under guard by the county.

(d) A person who is or was a prisoner in a county jail and received medical, dental, or health related services from a county or a hospital district shall be required to pay for such services when they are rendered. If such prisoner is an eligible county resident as defined in Section 61.002, Health and Safety Code, the county or hospital district providing the services has a right of subrogation to the prisoner's right of recovery from any source, limited to the cost of services provided. A prisoner, unless the prisoner fully pays for the cost of services received, shall remain obligated to reimburse the county or hospital district for any medical, dental, or health services provided, and the county or hospital district may apply for reimbursement in the manner provided by Chapter 61, Health and Safety Code. A county or hospital district shall have authority to recover the amount expended in a civil action.[1]

Article 104.002(a) and its predecessor, former TEX. CODE CRIM. PRO. art. 1037 (1925), have been interpreted to include the medical expenses of prisoners. *Harris County v. White*, 823 S.W.2d 385, 389 (Tex.App.—Texarkana 1992, no writ); Op. Tex. Att'y Gen.

Nos. DM–413 (1996), DM–380 (1996), DM–225 (1993), JM–730 (1987), JM–643 (1987). Article 104.002(d) was amended in 1991 to make a prisoner ultimately responsible for his medical expenses and to give the county a right of subrogation. See Op. Tex. Att'y Gen. No. DM–413, supra. Article 104.002(d) does not otherwise relieve the county from its liability under Article 104.002(a) for a prisoner's medical expenses. Consequently, we hold that the trial court did not err in its construction of Article 104.002 and that the county is liable for Dodsworth's medical expenses under Article 104.002.

### Residency and Indigence

■ Harris County also contends that the trial court erred in granting the Hospital's motion for summary judgment because there are genuine issues of material fact concerning Dodsworth's residency, his indigence, and the Hospital's compliance with the notification provisions of Section 61.032. The summary judgment evidence establishes that Dodsworth was a resident of the State of Illinois. Although there may be issues of fact as to whether Dodsworth was indigent and whether the Hospital complied with Section 61.032, these issues are not material to this case because Dodsworth was not a resident of the State of Texas. TEX. HEALTH & SAFETY CODE ANN. § 61.001 et seq. (Vernon 1992 & Supp.1997), the Indigent Health Care and Treatment Act, is only applicable to residents of the State of Texas. Section 61.022 provides that a county shall provide health care to "each of its eligible county residents." Since Dodsworth was not a resident of Texas, his indigence and the Hospital's compliance with the notification procedures of Section 61.032 are not material issues.

### Constitutional Arguments

■ Harris County asserts various contentions that it is unconstitutional to construe Article 104.002 to impose liability upon the County. The County argues that TEX.

---

1. We note that there were two similar Subsections (d) in Article 104.002 when the medical expenses were incurred in this case. The text of Subsection (d) as quoted here was enacted at a later date during the legislative session and is the text that remains after the 1995 amendment to Article 104.002.

CONST. art. III, §§ 51 and 52 forbid the granting of public money and the lending of credit to an individual for a private debt. These sections do not apply. The transfer of public funds for a public purpose does not violate Article III, sections 51 and 52. *Edgewood Independent School District v. Meno,* 917 S.W.2d 717, 740 (Tex.1995). Article 104.002 establishes county/public liability for a public purpose: the safeguarding of its prisoners. Therefore, Article 104.002 does not violate Article III, sections 51 and 52 of the Texas Constitution.

■ Harris County also argues that construing Article 104.002 to impose liability on the County violates TEX. CONST. art. III, § 53. This section provides that no "extra" compensation, fee, or allowance may be granted to a public officer, agent, or contractor "after service has been rendered, or a contract has been entered into, and performed in whole or in part." Article III, section 53 further provides that payment under an agreement or contract that is made without authority of law is forbidden. Imposing liability on the County in this case does not violate Article III, section 53; there is no "extra" fee being granted to the Hospital, nor is there an agreement made without authority of law.

### Existence of a Contract

■ Harris County additionally urges that it is not liable because it had no contract with Hermann Hospital. Liability exists in this case regardless of whether the County had entered into a contract with the Hospital for the care of Dodsworth. Such liability is based upon the statutory authority of Article 104.002, not upon a contractual obligation.

### Third–Party Suit

■ Harris County argues that Article 104.002 does not authorize a lawsuit brought by a third party against the County. Although the statute does not explicitly authorize a suit against a county for the payment of prisoners' medical expenses, it is clear that the statute imposes liability for these expenses on counties. Since Harris County has refused to pay Hermann Hospital, the only recourse available to the Hospital was to bring suit against the County. See TEX. LOCAL GOV'T CODE ANN. § 81.041 (Vernon 1988); see also and compare *Farmers State Bank of New Boston v. Bowie County,* 127 Tex. 641, 95 S.W.2d 1304, 1306 (1936); *Jensen Construction Company v. Dallas County,* 920 S.W.2d 761, 770 (Tex.App.— Dallas 1996, writ den'd).

### Nonprofit Hospital's Obligations

Harris County also contends that Hermann Hospital's status as a charity or nonprofit hospital obligates it "legally, if not morally," to treat emergency patients without regard to their ability to pay. The record shows that Hermann Hospital rendered emergency care to Dodsworth. However, liability for the expense of Dodsworth's treatment is imposed upon the County by Article 104.002.

### $30,000 Statutory Cap

■ Finally, Harris County argues that, even if it is liable for Dodsworth's medical expenses, a statutory cap of $30,000 applies. Appellant cites Section 61.035 for this proposition. Section 61.035 provides that the maximum county liability per year for health care services for "each eligible county resident" is $30,000. As discussed above, Dodsworth was not an "eligible county resident." Consequently, the statutory cap in Section 61.035 does not apply in this case.

Although Harris County urges this court to reverse the summary judgment because the result is unjust and unreasonable, we cannot reverse the summary judgment on this basis. Article 104.002 imposes liability on the County for all expenses, including medical expenses, incurred in the safekeeping of Dodsworth, a prisoner kept under guard by the County. Harris County's first and second points of error are overruled.

The judgment of the trial court is affirmed.