In the INterest of ELY a Child















IN THE
TENTH COURT OF APPEALS
 

No. 10-01-180-CV

IN THE INTEREST OF E.L.Y., A CHILD

 

From the 87th District Court
Freestone County, Texas
Trial Court # 99-226-B
                                                                                                                
                                                                                                         
DISSENTING OPINION
                                                                                                                

      The rigors and expense of Anders and its progeny are for the appointment of counsel in
criminal trials guaranteed by the Sixth Amendment and applied to the states through the Fourteenth
Amendment. The federally recognized right to counsel in a termination of parental rights case is
based only on the due process requirement of the Fourteenth Amendment. While the Sixth
Amendment right to counsel applies to every critical stage of trial in any criminal proceeding in
which incarceration is a possibility, the Fourteenth Amendment does not require the appointment
of counsel in every proceeding in connection with the termination of parental rights. Because the
rights being protected are different, and the basis of the protection is also different, a different
analysis of what procedure is necessary to protect those rights should be made.
      When the judiciary compels the use of a particular procedure, it should be the minimum
procedure necessary to protect the interest. We do not have the right to require the expenditure
of taxpayer funds from county coffers to give elevated protections that we may like to have
imposed, but are not required, to meet minimum due process requirements. We should not blindly
adopt the same procedure, which the Supreme Court of the United States has determined is only
a prophylactic framework in criminal cases, to be the only procedure acceptable in termination of
parental rights cases.
      The problem in both types of cases is what should appointed counsel do when they have
determined that there is no issue of arguable merit on which to base an appeal. Confronted with
this question, the attorney is faced with the ethical issue that the litigant has no right to require the
attorney to pursue a frivolous appeal which wastes judicial resources. I have contended that this
court’s interpretation of Anders and its progeny requires more than is constitutionally required for
criminal cases. For the same reason, and for the additional reason that this is not a criminal
proceeding and therefore a different set of procedures may afford the required minimum
constitutional protections, before I impose such stringent requirements, I would abate this cause
for full briefing of the issue of what procedure should be adopted to protect the parent’s interest
and expressly invite amicus briefs on the issue. Because the majority adopts excessive, and
therefore unnecessarily costly, protections of this interest, I respectfully dissent.
 
                                                                         TOM GRAY
                                                                         Justice

Dissenting opinion delivered and filed March 27, 2002
Publish



in">      Ellis’ first issue asserts that both the Hewitt Municipal Court and the County Court at Law No.
2 “lack personam jurisdiction of the State.” He argues that the State should have been represented
by the McLennan County Criminal District Attorney rather than by Hewitt’s city attorney. Ellis
urges that Article V, section 21, of the Texas Constitution mandates that a county or district
attorney represent the State in all criminal cases. Tex. Const. art. V, § 21. It provides:
Sec. 21. A County Attorney, for counties in which there is not a resident Criminal District
Attorney, shall be elected by the qualified voters of each county, who shall be commissioned
by the Governor, and hold his office for the term of four years. In case of vacancy the
Commissioners Court of the county shall have the power to appoint a County Attorney until
the next general election. The County Attorneys shall represent the State in all cases in the
District and inferior courts in their respective counties; but if any county shall be included in
a district in which there shall be a District Attorney, the respective duties of District Attorneys
and County Attorneys shall in such counties be regulated by the Legislature. The Legislature
may provide for the election of District Attorneys in such districts, as may be deemed
necessary, and make provision for the compensation of District Attorneys and County
Attorneys. District Attorneys shall hold office for a term of four years, and until their
successors have qualified.
 
Id. (emphasis added). As a result of the authority given by the Constitution, the Legislature has
provided:
All prosecutions in a municipal court shall be conducted by the city attorney of such city, town
or village, or by his deputy. The county attorney of the county in which said city, town or
village is situated may, if he so desires, also represent the State in such prosecutions. In such
cases, the said county attorney shall not be entitled to receive any fees or other compensation
whatever for said services. The county attorney shall have no power to dismiss any prosecution
pending in said court unless for reasons filed and approved by the judge. With the consent of
the county attorney, appeals from municipal court to a county court, county court at law, or
any appellate court may be prosecuted by the city attorney or his deputy.

Tex. Code Crim. Proc. Ann. art. 45.03 (Vernon Supp. 1999). Section 44.255 of the Government
Code provides:
      § 44.255 McLennan County
 
(a) The criminal district attorney of McLennan County has all the powers, duties, and
privileges in McLennan County that are conferred by law on county and district attorneys.
(b) The criminal district attorney shall collect the fees provided by law for similar services
rendered by a district or county attorney.

Tex. Gov't Code Ann. § 44.255 (Vernon 1988). Thus, the legislature has specified that with the
consent of the Criminal District Attorney of McLennan County, a city attorney or assistant may
prosecute appeals from municipal courts in a County Court at Law.
      Ellis does not deny that article 45.03 provides authority for the city attorney to prosecute. 
Rather, he urges that it was a violation of separation of powers for the legislature to enact article
45.03 as it encroaches, he says, on the Criminal District Attorney’s power as outlined in section
44.255 of the government code. Suggesting that they conflict, Ellis urges that section 44.255 must
prevail over article 45.03. We disagree that they conflict and choose, as we must, to read them
together.      See Ex parte Harrell, 542 S.W.2d 169, 171-72 (Tex. Crim. App. 1976). Article 45.03
gives the county attorney the authority to delegate the power to prosecute appealed municipal-court
cases. Section 44.255 simply gives that same power to the McLennan County Criminal District
Attorney.
      This question was considered by the Fort Worth Court in Naff v. State, 946 S.W.2d 529, 532
(Tex. App.—Fort Worth 1997, no pet.). Naff complained that he was denied due process because
the city attorney or his deputy represented the State in its prosecution of his complaints. The Fort
Worth Court held that, when a city attorney or his deputy represents the State in a municipal court
proceeding, it does not violate article V, section 21 of the Texas Constitution and, thus, does not
violate a defendant's due process rights. Ellis characterizes Naff as “bad case law begging to be
overturned.” He urges that the constitution only allows the legislature to delegate authority between
a county and a district attorney when a county has both. Although the section contemplates counties
in which there is no district attorney, he asserts that it also applies when there is no county attorney. 
Thus, he says, the legislature is without authority to regulate the duties in these counties. We
disagree. If we were to read Section 21 of article V as Ellis suggests, then article 45.03 would be
constitutional as to county attorneys in counties with a district attorney but unconstitutional as to
those without a district attorney. We will follow the holding in Naff.
      A similar issue has been considered by the Eastland Court of Appeals. Thornton v. State, 778
S.W.2d 149, 150-51 (Tex. App.—Eastland 1989, no pet.).


 Like McLennan County, there is no
constitutional "County Attorney" in Taylor County, where Thornton was tried. The Eastland Court
held that a criminal district attorney (while performing the duties of county attorney) may consent,
pursuant to Article 45.03, to the city attorney or his deputy prosecuting an appeal from a municipal
court to a county court at law. We agree. We do not find article 45.03 to be unconstitutional. The
Criminal District Attorney for McLennan County may delegate the authority to prosecute in
municipal court and all appeals therefrom. Thus, issue one is overruled.
FORUM
      In his second issue, Ellis argues that the original court was an “improperly set forum.” He
alleges that the City of Hewitt controls both the municipal prosecutor and the municipal judge and
“has transformed a State court into the city council’s private revenue center.” He asserts that the
municipal court has been “transformed into a forum where all officers are illegally controlled by
the city council.”


 
      This appeal comes to us after trial de novo in the County Court at Law No. 2. “In all appeals
to a county court from justice courts and municipal courts other than municipal courts of record,
the trial shall be de novo in the trial in the county court, the same as if the prosecution had been
originally commenced in that court. An appeal to the county court from a municipal court of record
may be based only on errors reflected in the record.” Tex. Code Crim. Proc. Ann. art. 44.17
(Vernon Supp. 1999). The Hewitt Municipal Court is not a court of record. The County Court at
Law of McLennan County is a court of record. Thus, the “record” which might show “error” is
that of the County Court at Law. See id.
      A trial de novo literally is a trial from the beginning as if no former trial had been had. State
v. Campbell, 820 S.W.2d 44, 45 (Tex. App.—Austin 1991, pet. ref’d) (citing Ex parte Jones, 128
Tex. Crim. 380, 81 S.W.2d 706, 707 (1935)). The accused stood before the County Court at Law
as if the prosecution began in that court, unaffected by what might have happened in the justice
court. Id. (citing Justices of Boston Municipal Court v. Lydon, 466 U.S. 294, 104 S.Ct. 1805, 80
L.Ed.2d 311 (1984); Jones, 81 S.W.2d 706; Martoni v. State, 74 Tex. Crim. 64, 166 S.W. 1169
(1914)). Therefore, any complaints about the original trial are not presented for our review. We
overrule issue two.
CONSTITUTIONALITY OF ARTICLE 45.06
      Ellis' third issue asserts that the Hewitt City Court is “subverted to produce City Revenue.” 
He alleges that “it is a violation of due process to be forced to try a cause in a court of justice
literally subverted to produce convictions and illegal revenue to cities and city attorneys.” 
      The Legislature has provided for proceedings in municipal courts. Tex. Code Crim. Proc.
Ann. arts. 45.01-.56 (Vernon 1979 & Supp. 1999). Incorporated cities may pass ordinances and
collect fines imposed by municipal courts. Id. art. 45.06. It is this article of which Ellis
complains. He urges that it is in violation of article III, section 51 of the Texas Constitution, which
provides:
§ 51. Grants of public money prohibited; exceptions
Sec. 51. The Legislature shall have no power to make any grant or authorize the making of
any grant of public moneys to any individual, association of individuals, municipal or other
corporations whatsoever; provided, however, the Legislature may grant aid to indigent and
disabled Confederate soldiers and sailors under such regulations and limitations as may be
deemed by the Legislature as expedient, and to their widows in indigent circumstances under
such regulations and limitations as may be deemed by the Legislature as expedient; provided
that the provisions of this Section shall not be construed so as to prevent the grant of aid in
cases of public calamity.

Tex. Const. art. III, § 51. The purpose of the constitutional provision is to prevent the gratuitous
application of public funds to any individual. Graves v. Morales, 923 S.W.2d 754, 757 (Tex.
App.—Austin 1996, writ denied) (citing Edgewood Indep. Sch. Dist. v. Meno, 893 S.W.2d 450,
473 (Tex. 1995)); see also Harris County v. Hermann Hosp., 943 S.W.2d 547, 550 (Tex.
App.—Eastland 1997, writ granted, w.r.m.). But the Constitution does not invalidate an
expenditure which incidentally benefits a private interest if it is made for the direct accomplishment
of a legitimate public purpose. Id. (citing Brazoria County v. Perry, 537 S.W.2d 89, 90 (Tex. Civ.
App.—Houston [1st Dist.] 1976, no writ)). "A transfer of funds for a public purpose, with a clear
public benefit received in return, does not amount to a lending of credit or grant of public funds in
violation of article III, sections 51 and 52." Id. (citing Edgewood, 893 S.W.2d at 473-74). Thus,
the collection of fines and the retention of funds by the city does not violate article III, section 51
of the Texas Constitution.
      Article XI, section 5, of the Constitution provides that “[c]ities having more than five thousand
(5000) inhabitants may, by a majority vote of the qualified voters of said city, at an election held
for that purpose, adopt or amend their charters.” Tex. Const. art. XI, § 5. Thus, the Constitution
allows cities with populations over 5,000 to draw their own charters and include anything in those
charters not inconsistent with the general laws or the constitution. Miller v. Uvalde Co., 20 S.W.2d
403 (Tex. Civ. App.—San Antonio 1929, writ dism’d, w.o.j.). These are known as “home-rule”
cities. Chapter nine of the local government code applies to the adoption or amendment of a
municipal charter as authorized by article XI, section 5. Tex. Loc. Gov’t Code Ann. §§ 9.001-9.008 (Vernon 1999). The city of Hewitt is a home-rule city.


 Thus, because the constitution
allows the city of Hewitt to regulate itself and because the collection of fines is not in violation of
the Constitution, issue three is overruled.
SIMULTANEOUS REPRESENTATION
      Ellis' final issue asserts that Kathleen Dow, acting as an assistant city prosecutor for Hewitt and
as the Municipal Judge of Bellmead, is in violation of the Texas Constitution. Tex. Const. art.
XVI, § 40. Article XVI, section 40, which prohibits certain persons from holding more than one
civil office at a time, provides: 
No person shall hold or exercise at the same time, more than one civil office of emolument,
except that of Justice of the Peace, County Commissioner, Notary Public and Postmaster,
Officer of the National Guard, the National Guard Reserve, and the Officers Reserve Corps of
the United States and enlisted men of the National Guard, the National Guard Reserve, and the
Organized Reserves of the United States, and retired officers of the United States Army, Air
Force, Navy, Marine Corps, and Coast Guard, and retired warrant officers, and retired enlisted
men of the United States Army, Air Force, Navy, Marine Corps, and Coast Guard, and the
officers and directors of soil and water conservation districts, unless otherwise specially
provided herein. . . . State employees or other individuals who receive all or part of their
compensation either directly or indirectly from funds of the State of Texas and who are not
State officers, shall not be barred from serving as members of the governing bodies of school
districts, cities, towns, or other local governmental districts; provided, however, that such
State employees or other individuals shall receive no salary for serving as members of such
governing bodies. It is further provided that a nonelective State officer may hold other
nonelective offices under the State or the United States, if the other office is of benefit to the
State of Texas or is required by the State or Federal law, and there is no conflict with the
original office for which he receives salary or compensation. No member of the Legislature
of this State may hold any other office or position of profit under this State, or the United
States, except as a notary public if qualified by law.
 
Id. (emphasis added). Dow is the municipal judge for the city of Bellmead and the city prosecutor
for Hewitt. A municipal judge, whether elected or appointed, full or part-time, holds a “public
office.” Op. Tex. Att'y Gen. No. DM-428 (1996). However, there is a question about whether
that office is a “civil office of emolument.” Section 574.001 of the government code provides that
a person “may hold the office of municipal judge for more than one municipality at the same time
if each office is filled by appointment.” Tex. Gov’t Code Ann. § 574.001(b) (Vernon Supp.
1999). Thus, the legislature considers the appointed position of municipal judge not to be a civil
office of emolument. 
      In 1997, the legislature proposed a constitutional amendment to “allow a person who holds the
office of municipal court judge to hold at the same time more than one civil office for which the
person receives compensation.” Analyses of Proposed Constitutional Amendments, p.9, Texas
Legislative Council, Sept. 1997. That amendment failed. However, because the right to hold the
office of municipal judge for more than one municipality at the same time if each is filled by
appointment already existed, the failure of the amendment did not affect that right. Id.; Tex. Gov’t
Code Ann. § 574.001(b). The amendment would have expanded the right to include offices filled
by election. Analysis of Proposed Constitutional Amendments, p.9, Texas Legislative Council,
Sept. 1997. Because the Bellmead Municipal Court Judge is a position filled by appointment, it is
not a civil office of emolument. 
      We next turn to the question of whether the position of city prosecutor is a civil office of
emolument. In Powell v. State, the Court of Criminal Appeals considered whether the position of
assistant district attorney is a civil office of emolument. Powell v. State, 898 S.W.2d 821, 824-25
(Tex. Crim. App. 1994). Because an assistant district attorney acts subject to the control and
supervision of the district attorney, he is merely a public employee and not an “officer.” Id.; see
also Op. Tex. Att'y Gen. No. DM-428 (1996) (citing State ex rel., Hill v. Pirtle, 887 S.W.2d 921,
931 (Tex. Crim. App. 1994)). The position of city prosecutor is similar in that it is not an elected
position and the city prosecutor acts at the direction of the city charter. In this appeal, the
prosecutor acted with the consent of McLennan County’s Criminal District Attorney. Tex. Code
Crim. Proc. Ann. art. 45.03; Thornton, 778 S.W.2d at 150-51. Thus, the office of city prosecutor
is not a “civil office of emolument.” Because neither position is a civil office of emolument, Dow
is not acting in violation of the Constitution. See Art. XVI, § 40. Issue four is overruled. 
      Having overruled all issues, we affirm the judgment. 
 
                                                                                 BILL VANCE
                                                                                 Justice

Before Chief Justice Davis,
          Justice Vance, and
          Justice Gray
Affirmed
Opinion delivered and filed August 18, 1999
Do not publish